UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 04-33197-DHW
                                         Chapter 13
JOHN L. VAUGHN and
SHENIA WATSON,

        Debtors.

## MEMORANDUM OPINION

On February 27, 2006, the chapter 13 trustee filed a motion to dismiss this chapter 13 case (Doc. #23). The motion is predicated on the debtors' failure to turnover to the trustee the nonexempt proceeds of a workers' compensation claim pursuant to the express terms of the confirmed plan. The debtors had received $16,694.96 and claimed only $4,300 exempt.

The motion came on for hearing on March 13, 2006. The court ordered the debtors to file an accounting of the disposition of the entire $16,694.96. The debtors then amended the schedule of exemptions to claim the entire $16,694.96 exempt under *Ala. Code* § 25-5-86(2) (1975). The debtors filed the accounting (Doc. #31) on April 6, 2006, and the motion was taken as submitted.

The trustee does not contest the exemption. The trustee contends that the proceeds, though exempt, constitute disposable income which the debtors were obligated to turnover to the trustee under the terms of the confirmed chapter 13 plan.

### Jurisdiction

The court's jurisdiction is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's order referring all title 11 matters to the United States Bankruptcy Court. Further, because this matter concerns the administration of the estate and

turnover of property of the estate, it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E), thereby extending this court's jurisdiction to the entry of a final order or judgment.

Facts

The debtors filed this chapter 13 case on November 8, 2004. Their plan, which was confirmed by order dated January 18, 2005 (Doc. #13), provides that any non-exempt portion of the workers' compensation lawsuit proceeds "will be paid in to the plan for the benefit of unsecured creditors." *See* Pre-confirmation Amendment, Dec. 15, 2004 (Doc. #10).[1]

The confirmed plan proposes 0% to general unsecured creditors. Because unsecured creditors are being paid less than in full, the plan provides that "the debtor(s) will pay all projected disposable income to the trustee for at least 36 months." *See* Pre-confirmation Amendment, Dec. 15, 2005 (Doc. #10). The 36 month-period has not expired.

The debtors' accounting of the proceeds (Doc. #31) reflects that $5,000 of the proceeds was repaid to family members and friends. These debts to family and friends arose between January 2004 and April 2005, the period the debtor was out of work.[2] Most of the remaining workers' compensation proceeds were spent on routine living expenses like home mortgage payments, utilities,

---

[1] The debtors initially listed the value of the claim at $4,300 and claimed that amount exempt.

[2] From the workers' compensation settlement proceeds, the debtors paid Sam Watson (father) $1,000 in June 2005, Lynn Adams (sister) $600 in July 2005, Jeff Vaughn (brother) $300 in July 2005, B.J. Bowles (sister) $2,000 in July 2005, Diane Whiten (sister) $600 in July 2005, Layton Armstrong (friend) $300 in June 2005, and Mark and Denise Bryant (friends) $200 in August 2005.

2

groceries, and prescription medication.

## Conclusions of Law

On motion of a party in interest, the court may dismiss a chapter 13 case for cause including a material default by the debtor with respect to a term of the confirmed plan. *See* 11 U.S.C. § 1307(c)(6). The trustee contends that the debtors' failure to turnover the workers' compensation claim proceeds exceeding the $4,300 originally claimed exempt is a material default in a term of the plan.

A chapter 13 plan may not be confirmed over the objection of the trustee or an unsecured creditor unless the plan provides that all of the debtors' projected disposable income be paid under the plan for a three-year period. *See* 11 U.S.C. § 1325(b)(1)(B).[3] This statutory language was mimicked in this case by the express language of the confirmed plan providing for payment of all disposable income to the trustee for a three-year period.

Yet, property claimed by the debtors as exempt is not liable for the payment of any prepetition debt. *See* 11 U.S.C. § 522(c). The trustee does not dispute that the proceeds of the workers' compensation claim are exempt from "seizure or sale or garnishment" under Alabama law. *Ala. Code* 25-5-86(2) (1975).

The debtors claimed only $4,300 of the workers' compensation claim proceeds as exempt and at the same time, provided that any non-exempt proceeds would be devoted to the chapter 13 plan. By doing so, they conveyed to the trustee that they were limiting their exemption claim in these funds to $4,300. Therefore, the trustee had no reason to object to the proffered plan.

---

[3] This case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amendments to § 1325(b)(1).

3

However, whether the proceeds are exempt or not, the court is of the opinion that the proceeds are properly considered in determining disposable income which the debtors were obligated under their confirmed plan to pay to the trustee. *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir. 1997)(exempt post petition revenues are considered in calculation of disposable income).[4]

The debtors in the case at bar unilaterally decided that the workers' compensation proceeds were theirs to do with as they pleased.[5] They opted to use the workers' compensation claim proceeds for purposes other than was specifically provided by their

---

[4] *Koch* cites to the following cases:

*In re Freeman*, 86 F.3d 478, 480-81 (6th Cir.1996) (tax refunds); *In re Hagel*, 184 B.R. 793, 796-97 (9th Cir. BAP 1995) (social security benefits); *In re Minor*, 177 B.R. 576, 579 (Bankr.E.D.Tenn.1995) (worker's compensation benefits); *Watters v. McRoberts*, 167 B.R. 146, 147 (S.D.Ill.1994) (personal injury recovery); *In re Schnabel*, 153 B.R. 809, 815-16 (Bankr.N.D.Ill.1993) (social security and pension benefits); *In re Sassower*, 76 B.R. 957, 960 (Bankr.S.D.N.Y.1987) (pension, welfare, and unemployment benefits).

*Koch*, 109 F.3d at 1289. The court is aware of a minority of courts which have held to the contrary. *See In re Ferretti*, 203 B.R. 796, 800 (Bankr. S.D. Fla. 1996) and *In re Tomasso*, 98 B.R. 513, 515-16 (Bankr. S.D. Cal.1989)(both holding that exempt personal injury settlements do not constitute disposable income).

[5] The debtors paid about one-third of the workers' compensation claim proceeds to family and friends. From the accounting filed by the debtors, it is unclear whether the debts owed to these persons were incurred before or after the debtors filed for bankruptcy relief. If they were for prepetition debts, then their payment resulted in a possibly avoidable preferential transfer under 11 U.S.C. § 547.

4

own chapter 13 plan. Therefore, the debtors are in material default with respect to that term of their confirmed plan.

## Conclusion

For these reasons the court concludes that the trustee's motion to dismiss is well-taken. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter granting the trustee's motion and dismissing the case.

Done this 24th day of April, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Richard D. Shinbaum, Attorney for Debtors
   Curtis C. Reding, Chapter 13 Trustee

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re  
JOHN L. VAUGHN and  
SHENIA WATSON,

    Debtors.

Case No. 04-33197-DHW  
Chapter 13

## ORDER DISMISSING CASE

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that this chapter 13 case is DISMISSED.

Done this 24th day of April, 2006.

                                        /s/ Dwight H. Williams, Jr.  
                                      United States Bankruptcy Judge

c: Debtors  
   Richard D. Shinbaum, Attorney for Debtors  
   Curtis C. Reding, Chapter 13 Trustee